IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MICHAEL CHRISTOPHER RICHARDSON,**

    **Petitioner,**

v.                                                **CRIMINAL ACTION NO. 2:17-cr-146(2)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Michael Christopher Richardson's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). ECF No. 71. Having reviewed the motion and filings, this Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(c). For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

From June 2017 to August 2017, Petitioner was involved in a series of armed robberies targeting employees of Chinese restaurants in Chesapeake, Virginia and Portsmouth, Virginia. ECF No. 29. During each robbery, Petitioner brandished a firearm to demand money and other items such as credit and debit cards, wallets, purses, and iPhones. *Id.* With the exception of a single armed robbery, Petitioner committed these robberies with co-conspirators.

On October 25, 2017, Petitioner and a co-defendant were named in a four count Indictment charging Conspiracy to Interfere with Commerce by Means of Robbery ("conspiracy to commit Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a) (Count 1); Interference with Commerce by Means of Robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. §§ 1951(a)(2) (Counts 2

1

and 4); and Using, Carrying, and Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 3). ECF No. 15. Petitioner pleaded guilty to all four counts on November 29, 2017. ECF Nos. 27– 29. On April 2, 2018, the Court sentenced Petitioner to 162 months' imprisonment and five years of supervised release. ECF Nos. 49, 52.

Petitioner filed the instant motion on January 7, 2020. ECF No. 71. The United States opposed the motion on February 21, 2020. ECF No. 73. Petitioner, though granted an extension to respond to the United States' opposition, did not file a reply. *See* ECF No. 74.

## II. LEGAL STANDARD

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). However, an individual may raise

a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains;" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III. DISCUSSION

A conviction under 18 U.S.C. § 924(c)(1)(A)("the statute") mandates heightened criminal penalties for a defendant who uses or carries a firearm "during and in relation to," or possesses a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The statute offers two definitions for a "crime of violence" which is commonly referred to as the force clause and the residual clause. 18 U.S.C. § 924(c)(3); *United States v. Fuentes*, 805 F.3d 485, 495 (4th Cir. 2015). The force clause defines a crime of violence as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The residual clause defines a crime of violence as a felony offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). In *United States v. Davis*, the United States Supreme Court ("Supreme Court") invalidated the residual clause's definition of a crime of violence but left in place the force clause's definition. 139 S. Ct. 2319, 2336 (2019) (holding that § 924(c)(3)(B), the residual clause, is "unconstitutionally vague"). Thus, sentences under § 924(c) are still valid if the underlying felony offense constitutes a crime of violence under the statute's force clause. *See* 18 U.S.C. §

3

924(c)(3)(A) (crime of violence is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

Petitioner argues that given the Supreme Court's decision in *Davis*, his Count 3 conviction under § 924(c) should be dropped and his sentence commuted. ECF No. 71 at 5. Petitioner pleaded guilty to Count 3 of the Indictment charging Petitioner with violating § 924(c). ECF Nos. 15, 27–29. For his Count 3 conviction, Petitioner's underlying felony offenses were conspiracy to commit Hobbs Act Robbery (Count 1) and Hobbs Act Robbery (Count 2). *See* ECF No. 15 at 2–3. Conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence or does not meet the definition of the force clause, under § 924(c). *See United States v. Simms*, 914 F.3d 229, 234 (4th Cir. 2019). However, Petitioner's remaining underlying offense for Hobbs Act robbery does qualify as a crime of violence under the statute's force clause. *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Because Petitioner's underlying felony offense for substantive Hobbs Act robbery meets the definition of a crime of violence as provided by § 924(c)'s force clause, Petitioner's sentence for Count 3 remains valid. Providing no other reason why his sentence should be vacated, Petitioner's request for relief under § 2255 is denied.

### IV. CONCLUSION

For the reasons stated above, Petitioner's Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*,

855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based on incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 5, 2020

_____
UNITED STATES DISTRICT JUDGE